**STATE of Minnesota, Respondent,**

v.

**Randall Mark SPEARS, Appellant.**

**No. CX–96–1073.**

Court of Appeals of Minnesota.

March 18, 1997.

Review Denied May 28, 1997.

**724**

Hubert H. Humphrey, III, Attorney General, St. Paul, for respondent.

Thomas J. Harbinson, Scott County Attorney, Neil Nelson, Brent S. Schafer, Assistant County Attorneys, Shakopee, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and SHORT and HARTEN, JJ.

## OPINION

SHORT, Judge.

A jury convicted Randall Mark Spears of two counts of kidnapping and six counts of criminal sexual conduct in the first degree, for which the court imposed six concurrent life sentences. On appeal, Spears argues the trial court committed errors of fact and law.

## FACTS

On July 14, 1995, Randall Mark Spears committed three acts of criminal sexual conduct against a female acquaintance. As Spears drove his victim home, she escaped from the car, and ran to nearby houses until a man let her in his house and called police. The victim recounted the rape to the man and two police officers, and told police Spears's first name. After the victim identified Spears in a photo line-up, the state charged him with two counts of kidnapping and six counts of criminal sexual conduct.

The case went to trial in February 1996. During jury voir dire, Spears attempted to use a peremptory strike to exclude a member of the jury panel who was of the same ethnic background as Spears's victim. The state raised a *Batson* challenge, alleging the strike constituted intentional racial discrimination. Spears claimed he struck the potential juror because, as a child, she had been sexually abused by an older man. The trial court rejected Spears's race-neutral reason as a pretext, and disallowed the strike. After trial, the jury returned a verdict of guilty on all counts.

At sentencing, the state introduced evidence of Spears's two prior convictions of criminal sexual conduct, for which conviction and sentencing had occurred simultaneously. The state argued Spears was subject to the mandatory minimum term provision of Minn. Stat. § 609.346, which requires a sentence of life imprisonment for a first-degree criminal sexual conduct conviction of a defendant with two prior sex offenses. The trial court denied Spears's request for a presentence investigation, and imposed six concurrent life sentences for Spears's six criminal sexual conduct convictions. The court imposed no sentence for the two kidnapping convictions.

## ISSUES

I. Did the trial court err in sustaining the state's *Batson* challenge?

II. Did the trial court abuse its discretion in admitting evidence of the victim's out-of-court statements describing the attack to police and a private citizen?

III. Did the trial court err in entering six convictions for three acts of criminal sexual conduct?

IV. Did the trial court err in imposing multiple sentences?

V. Did the trial court err in imposing sentences of life imprisonment under Minn.Stat. § 609.346?

## ANALYSIS

■■■ This court will not disturb a trial court's findings of fact unless clearly erroneous. *State v. Danh,* 516 N.W.2d 539, 544 (Minn.1994); *see State v. Gaitan,* 536 N.W.2d 11, 15–16 (Minn.1995) (granting trial court great deference in deciding *Batson* factual issues). We review a trial court's rulings on evidentiary matters under an abuse of discretion standard. *State v. Olkon,* 299 N.W.2d 89, 101 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). However, we do not defer to a trial court's analysis of purely legal issues. *See State v. Fenney,* 448 N.W.2d 54, 58 (Minn.1989) (providing for de novo review of questions of law); *see also State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996) (recognizing statutory construction is legal issue).

### I.

■■■ The Equal Protection Clause of the United States Constitution prohibits the use of peremptory challenges to exclude persons from a jury solely on the basis of race. *State v. Stewart,* 514 N.W.2d 559, 562 (Minn.1994); *see Batson v. Kentucky,* 476 U.S. 79, 84, 106 S.Ct. 1712, 1716, 90 L.Ed.2d 69 (1986) (forbidding prosecution from making discriminatory use of peremptory challenges); *Georgia v. McCollum,* 505 U.S. 42, 57–58, 112 S.Ct. 2348, 2357–58, 120 L.Ed.2d 33 (1992) (extending *Batson* holding to defense's use of peremptory strikes). Although a party whose peremptory strike is challenged must produce a race-neutral reason for the strike, the challenger bears the ultimate burden of proving intentional discrimination. *Purkett v. Elem,* 514 U.S. 765, ——, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995).

■■■ Spears argues the trial court erred in sustaining the state's *Batson* challenge of the

defense's peremptory strike of a Native American member of the jury panel. Once the state made out a prima facie case of intentional discrimination, Spears met his burden of production by offering the court a race-neutral explanation for the strike. *See id.* (recognizing reason given will be deemed race-neutral unless discriminatory intent is inherent in explanation); *see also Purkett,* 514 U.S. at ——, 115 S.Ct. at 1771 (requiring reason that does not deny equal protection). However, the state established: (1) the racial background of both the panel member and Spears's victim was Native American; (2) Spears was previously convicted of criminal sexual conduct against a Native American woman; and (3) the jury panel member was the only enrolled member of a tribe and the only person fully of Native American descent on the panel. These facts support the trial court's finding that Spears's use of the peremptory strike was motivated by discriminatory intent. In light of the deferential standard of review, we cannot say the trial court erred in disallowing Spears's strike of the jury panel member on grounds of intentional racial discrimination. *See Gaitan,* 536 N.W.2d at 15–16 (noting whether discriminatory intent exists is essentially factual determination that turns largely on trial court's evaluation of credibility).

## II.

■ Spears also argues the trial court abused its discretion by admitting the testimony of two police officers and a private citizen, recounting the victim's statements to them following the sexual assault. *See* Minn. R.Evid. 802 (excluding hearsay evidence from trial). We disagree. An exception from the hearsay rule exists for statements "relating to a startling event or condition [and] made while the declarant was under the stress of excitement caused by the event or condition." Minn.R.Evid. 803(2). Trial testimony showed: (1) the private citizen encountered the victim immediately following her escape from Spears's car, as she ran from house to house yelling for help, and described the victim as sobbing and "terrorized"; (2) the first officer arrived, in response to a 911 call, within minutes of the victim's escape, and testified the victim was

crying and frightened as she relayed the facts of the crime; and (3) the victim remained frightened and shaking when the second police officer arrived and questioned her two or three minutes later. Under these circumstances, the trial court properly found the statements satisfied the "excited utterance" exception to the general rule excluding hearsay.

Spears argues that, notwithstanding the admissibility of the statements under the hearsay rules, the trial court should have excluded the testimony under Minn.R.Evid. 403 because it was cumulative and unfairly prejudicial. *See* Minn.R.Evid. 403 (requiring that relevant evidence be excluded if its probative value is substantially outweighed by danger of unfair prejudice or by consideration of needless presentation of cumulative evidence). After a careful review of the record, we cannot say the trial court's admission of the witnesses' testimony constituted an abuse of discretion.

## III.

■ Under Minn.Stat. § 609.04, subd. 1 (1996), a person may be convicted of a crime charged or of a lesser included offense, but not both. The statute bars a court from entering two convictions for one act simply because a defendant's single act violated multiple provisions of a statute. *State v. Patch,* 329 N.W.2d 833, 837 (Minn.1983); *see State v. Koonsman,* 281 N.W.2d 487, 489 (Minn. 1979) (noting state cannot avoid application of rule by fashioning separate counts).

■ Spears argues the trial court erred in entering six convictions against him for three acts of criminal sexual conduct. We agree. For each of Spears's acts, he was charged and convicted under two different subdivisions of the first-degree criminal sexual conduct statute. *See* Minn. Stat. § 609.342, subds. 1(c) (prohibiting sexual penetration in which circumstances existing at time of act cause complainant reasonable fear of imminent great bodily harm), 1(e)(i) (prohibiting sexual penetration in which defendant causes personal injury to complainant and uses force or coercion to accomplish penetration). The state concedes Spears may properly be con-

victed of only one count for each act. Therefore, Spears's duplicative convictions under counts IV, V and VI must be vacated.

## IV.

■ A sentencing court is constrained to impose only one sentence on a defendant who commits multiple offenses against the same victim in a single behavioral incident. *See* Minn.Stat. § 609.035, subd. 1 (1996) (providing that a person whose conduct constitutes more than one offense may be punished for only one of the offenses); *State v. Herberg,* 324 N.W.2d 346, 348 (Minn.1982) (prohibiting even concurrent sentences for single behavioral incident). Whether a segment of conduct constitutes a single behavioral incident turns on the time and place of the offenses, as well as the defendant's criminal objective in perpetrating each offense. *State v. Johnson,* 273 Minn. 394, 404, 141 N.W.2d 517, 524 (Minn.1966), *cited in State v. Bookwalter,* 541 N.W.2d 290, 295 (Minn.1995).

■ Spears argues the trial court erred in imposing more than one sentence for his multiple convictions of criminal sexual conduct. All three offenses took place in Spears's parked car within a 45–minute period, and were committed against a single victim. *See, e.g., Herberg,* 324 N.W.2d at 349 (finding single behavioral incident where defendant committed one act of sexual penetration, moved victim to avoid detection, and committed second act of penetration). Spears's criminal objective remained the same in perpetrating each offense. *See id.* (noting defendant's underlying motivation in consecutive sexual assaults was to "satisfy his perverse sexual needs"). We conclude Spears committed the three acts of criminal sexual conduct in the course of a single behavioral incident, and, therefore, may be sentenced for only one of those acts. Accordingly, we must reverse five of Spears's six sentences for criminal sexual conduct.

## V.

A defendant is subject to a mandatory sentence of life imprisonment when

(1) the person is convicted under section 609.342; and

(2) the court determines on the record at the time of sentencing that any of the following circumstances exists:

\* \* \* \*

(iii) the person has two previous sex offense convictions under section 609.342, 609.343, or 609.344.

Minn.Stat. § 609.346, subd. 2a(a) (1996). For the purpose of interpreting section 609.346, the statute provides:

A person has two previous sex offense convictions only if the person was convicted and sentenced for a sex offense committed after the person was earlier convicted and sentenced for a sex offense, [and] both convictions preceded the commission of the present offense of conviction \* \* \*.

*Id.,* subd. 3. Thus, the plain language of the statute mandates a sentence of life imprisonment for first-degree criminal sexual conduct when: (1) the defendant committed one violation of section 609.342, .343, or .344, and was convicted and sentenced; (2) subsequent to conviction and sentencing on the first offense, the defendant committed a second offense, and was convicted and sentenced; and (3) subsequent to conviction on the second offense, the defendant committed the present offense. *See* Minn.Stat. § 645.08(1) (1996) (requiring construction of statutory words and phrases according to common usage); *State v. Hannuksela,* 452 N.W.2d 668, 677 n. 12 (Minn.1990) (attributing ordinary meaning to statutory terms).

■ Although Spears concedes he has twice before been convicted of criminal sexual conduct in violation of sections 609.342 and .344, he argues the trial court committed an error of law in sentencing him to life imprisonment. The record shows: (1) Spears's convictions arose from separate attacks on different victims; and (2) he was convicted and sentenced on the two offenses contemporaneously. Because Spears did not commit the second offense after conviction and sentencing on the first offense, the plain language of the statute excludes Spears from its coverage. *Cf. State v. Friend,* 385 N.W.2d 313, 322–23 (Minn.App.1986) (concluding offense was not covered by plain language of statute mandating minimum sentence for "second or subsequent offense," which defini-

tion was satisfied if actor had been convicted under specified statutes "prior to conviction" on second or subsequent offense, where defendant was convicted of all offenses simultaneously), *review denied* (Minn. May 22, 1986).

The state argues that construing the statute so as to exclude Spears's factual situation would render an absurd result, permitting Spears, on his third sex offense conviction, to evade a life sentence simply by reason of the fortuitous calendaring of his past offenses. *See* Minn.Stat. § 645.17 (1996) (creating presumption legislature does not intend absurd result). We disagree. The plain language of the statute, applying only to sequential convictions, grants a defendant two full postconviction opportunities for reform before subjecting the defendant to life imprisonment. Where a reasonable reading exists, we cannot disregard the letter of the law in pursuit of its spirit. *See* Minn.Stat. § 645.16 (1996) (forbidding courts from disregarding plain statutory language); *State v. Forsman,* 260 N.W.2d 160, 164 (Minn.1977) (recognizing courts cannot ignore language under pretext of pursuing purpose of law). This rule holds especially true in the construction of a criminal statute, such as the one before us. *See State v. Reha,* 483 N.W.2d 688, 694 (Minn. 1992) (mandating strict construction of penal statutes); *see, e.g., State v. Lubitz,* 472 N.W.2d 131, 133 (Minn.1991) (construing Minn.Stat. § 609.346 strictly against state).

Moreover, the history of Minn.Stat. § 609.346 lends support to Spears's argument that the legislature carefully crafted the statutory language and intended the result. Prior to amendment, the statute provided a mandatory minimum sentence for a second offense if the actor had first been convicted under the relevant statutes "prior to conviction" of the second offense. Minn. Stat. § 609.346, subds. 2, 3 (1986). The legislature broadened that language in 1987 to apply to convictions that "follow[ed] or coincide[d] with" a first conviction. 1987 Minn. Laws ch. 224, § 2 (codified at Minn.Stat. § 609.346, subd. 3 (Supp.1987)). In 1989, the legislature returned to sequential language, amending the statute to provide that an actor had a previous sex offense if convict-

ed of a first sex offense "before the commission" of the present offense. 1989 Minn. Laws ch. 290, art. 2, § 15 (codified at Minn. Stat. § 609.346, subd. 3 (Supp.1989)). The provision at issue in this case, defining "two previous sex offense convictions" for the purpose of mandatory life sentencing, was enacted as part of the same 1989 session law. *Id.*

The history of the section demonstrates that the legislature did not arrive casually at the language employed in Minn.Stat. § 609.346. The legislature amended the statute over several years, with the benefit of past judicial constructions of statutory language. *See, e.g., Friend,* 385 N.W.2d 313 (finding, under 1984 statute, that defendant did not have "prior conviction" where all convictions entered simultaneously). We decline to depart from the legislative intent clearly expressed in section 609.346. Because Spears's conviction does not fall within the coverage of the statute, the trial court erred by interpreting Minn.Stat. § 609.346 to mandate a sentence of life imprisonment. Under these circumstances, we must remand for resentencing.

### DECISION

The trial court did not err by sustaining the state's *Batson* challenge and admitting the out-of-court statements of the victim into evidence. However, the trial court erred in entering six convictions against Spears for three acts of criminal sexual conduct, and in imposing multiple sentences for a single behavioral incident. Additionally, the trial court misconstrued Minn.Stat. § 609.346 to mandate a sentence of life imprisonment.

**Affirmed in part, reversed in part, and remanded.**