595 N.W.2d 197 (1999)
Earl Ray PERRY, Respondent,
v.
STATE of Minnesota, Appellant.
No. C1-98-513.
Supreme Court of Minnesota.
June 3, 1999.
Michael A. Hatch, Atty. Gen., St. Paul, Amy J. Klobuchar, Hennepin County Atty., Paul R. Scoggin, Asst. County Atty., Minneapolis, for appellant.
John M. Stuart, State Public Defender, Ann McCaughan, Asst. State Public Defender, Minneapolis, for respondent.
*198 Heard, considered, and decided by the court en banc.

OPINION
PAGE, J.
This case arises as a result of a sexual assault of a young woman in Bryant Park in south Minneapolis during the early morning hours of September 16, 1995. Minneapolis Police interrupted the sexual assault as it was occurring. As the police approached, the young woman's assailant, respondent Earl Ray Perry, fled but was arrested shortly thereafter. Perry was charged with two counts of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342 (1994). On January 12, 1996, jury selection for his trial began and on January 18, with jury selection completed, opening statements set to begin, and the victim in the courtroom ready to testify, Perry reached an agreement with the prosecution to plead guilty to one count of first-degree criminal sexual conduct. In exchange for his guilty plea, Perry was to receive a prison sentence of 81 months on one count of first-degree criminal sexual conduct, the bottom of the presumptive sentencing guidelines range for an individual with a criminal history score of zero,[1] and the other count was to be dismissed. The trial court accepted Perry's guilty plea but did not sentence him immediately. Because he was not being sentenced immediately, Perry expressed concerns about the length of his sentence being increased. He specifically asked the trial court for an assurance that when sentenced, his sentence would not exceed 81 months. After being assured by Perry that he had no previous felony convictions, the trial court indicated to Perry that he would not receive a sentence of more than 81 months.
A presentence investigation report completed sometime after Perry entered his guilty plea revealed that in fact Perry's criminal history included three felony convictions from the State of Washington. The report also revealed that Perry had a number of misdemeanor convictions and that at the time of the September 16, 1995, sexual assault as well as at the time of his guilty plea, Perry was on probation in the State of Washington. A recalculation of Perry's criminal history score, based on the information contained in the presentence investigation report, resulted in a criminal history score of five.
In a presentence motion, after Perry's criminal history became known, Perry sought to have the sentencing court nonetheless impose the 81-month sentence, or in the alternative allow him to withdraw his guilty plea. The motion was taken up at Perry's sentencing hearing. At the hearing, Perry admitted that at the time of his plea he knew that he had other felony convictions but argued that the court should not be able to consider those felonies at sentencing. Specifically he argued:
I think your court messed up, your clerks or whoever, because it doesn't take more than just pushing the buttons, I believe, to see what my past charges were. So it wasn't my fault that you guys missed that. It was your fault, but I have to pay the consequences for you guys messing up apparently.
The sentencing court denied Perry's alternative motions. In doing so, the sentencing court, on the record, found that at the time Perry entered his plea, jury selection had taken place over a period of five days, that the jury had been picked and sworn, that the trial was set to begin, and that the trial was terminated at Perry's request so he could take advantage of what had been ongoing plea negotiations. In addition, the trial court found that:
Mr. Perry was well aware that the matters he was being sentenced on in Washington State were, in fact, felonies. He participated fully in the preparation of his presentence investigations. * * * He is not new to the criminal justice *199 system, and, at the time that he told this Court he had no felony convictions, he was on felony probation in the [S]tate of Washington.
I am not going to find that his motivation to avoid a more serious penalty is going to invalidate an acceptable guilty plea in this case. The plea transcript is clear that Mr. Perry's concerns that he admitted was that his sentence would go up after the date of the plea because the sentencing was not going to occur on that date, and, further, that he indicated to the Court that he did not have any felony convictions, and I think it is clear that he knew that if someone found out, that his sentence would go up.
Based on those findings, the sentencing court concluded that Perry's unsuccessful "attempt to deceive the Court" did not entitle him to withdraw his guilty plea and sentenced him to 141 months in prison, the bottom of the presumptive sentencing guidelines range for an individual convicted of first-degree criminal sexual conduct with a criminal history score of five.[2]
Perry did not pursue a direct appeal of his sentence. Approximately eight months after he was sentenced, Perry did file a pro se petition for postconviction relief challenging the 141-month sentence. The petition, asserting that he was denied due process and that his trial counsel was inadequate, requested the following relief:
(a) that the conviction be vacated and set aside and that he be discharged; or
(b) that the 141-month sentence be modified to 81 months; or
(c) that Perry be allowed to withdraw his guilty plea and be given a new trial, with a cap of 141 months on prison time if he is convicted; or
(d) any other relief the court deems just.
The postconviction court found that the petition presented no material facts that were not present at the time Perry was sentenced and that the relevant findings of the sentencing court were supported by the record. Further, the postconviction court found that at the time of his guilty plea, Perry was informed that the 81-month sentence was conditioned on his having no prior felony convictions and that he assured the court twice that he was unaware of having any prior felony convictions; that at the time he entered his plea, Perry expressed concerns that if he was not sentenced that day, he was afraid the length of his sentence would be longer than the agreed to 81 months; that he signed a plea petition which clearly states "that a person who has prior convictions * * * can be given a longer prison term"; that the record of Perry's criminal history from the State of Washington indicates that Perry fully participated in the preparation of presentencing investigations for his felony convictions there; that he was on probation at the time of the offense leading to his guilty plea and at the time he entered his guilty plea; and that at the time of sentencing, Perry admitted that when he entered his guilty plea, he knew he had "other felony points." The postconviction court concluded that Perry failed to establish by a fair preponderance of the evidence any basis to support the relief he sought, and thus denied the petition. As with his sentence, Perry did not appeal the denial of this petition for postconviction relief.
Roughly seven months later, Perry, again acting pro se, filed a second petition for postconviction relief that was almost identical to the first petition. The second petition, like the first, presented no material facts different from those known at the time of sentencing and at the time of the denial of the first petition nor did it make any new legal arguments. Moreover, the second petition requested the exact same relief as the first petition. As a result, the postconviction court summarily denied the second petition. This time Perry, with the *200 assistance of counsel, appealed. In an unpublished opinion, the court of appeals reversed the postconviction court and remanded to allow Perry to withdraw his guilty plea and face a new trial.[3] We granted the state's petition for further review, and now reverse the court of appeals.
The only issue presented for our review is whether the postconviction court's summary denial of Perry's second petition for postconviction relief was proper. Minnesota Statutes § 590.04, subd. 3 (1998), provides that a postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner." "The scope of review of a postconviction proceeding is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion."[4]
In summarily denying Perry's second petition, the postconviction court stated "[t]he relief you are requesting has previously been denied by this Court in [sic] Order dated April 3, 1997 in response to your first Post-Conviction Relief petition. I am, therefore, summarily denying your second request for the same reasons found in my prior order." Applying the appropriate standard of review, we conclude, after having thoroughly reviewed the record, that the summary denial of Perry's second postconviction petition was proper.
Section 590.04, subd. 3, gives the postconviction court discretion as to whether it will consider or summarily deny successive petitions for similar relief. Here, there was sufficient evidence to support a finding that Perry's second postconviction petition was a successive petition seeking relief similar to that denied in his first petition. Therefore, the postconviction court's summary denial of the second petition was consistent with section 590.04, subd. 3 and was not an abuse of discretion. Further, to the extent that the second petition was summarily denied "for the same reasons found in [the postconviction court's] prior order," we conclude that the reasons found in the order denying Perry's first postconviction petition and thus also the second petition are supported by sufficient evidence. Because we conclude that the second postconviction court's findings are supported by sufficient evidence and that the court did not abuse its discretion in denying the second postconviction petition, we reverse the decision of the court of appeals and reinstate the second postconviction court's denial of postconviction relief.
Reversed.
NOTES
[1] See Minnesota Sentencing Guidelines IV.
[2] See Minnesota Sentencing Guidelines IV.
[3] See Perry v. State, C1-98-513, 1998 WL 727752 (Minn.App. October 20, 1998).
[4] Hale v. State, 566 N.W.2d 923, 926 (Minn.1997) (citing Hodgson v. State, 540 N.W.2d 515, 517 (Minn.1995)).