**Robert Marlyn TAYLOR,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A04–1432.**

Supreme Court of Minnesota.

Jan. 27, 2005.

Michael Clinton Davis, Special Assistant State Public Defender, St. Paul, MN, for Petitioner.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

OPINION

ANDERSON, RUSSELL A., Justice.

Robert Marlyn Taylor was convicted of first-degree premeditated murder for the

killing of John Turner and sentenced to life in prison. *State v. Taylor*, 650 N.W.2d 190 (Minn.2002). The facts underlying Taylor's conviction can be found in our decision on direct appeal. *Id.* On direct appeal, Taylor raised, *inter alia*, a *Batson* issue claiming that the state's peremptory strike of a juror constituted purposeful racial discrimination and violated the Equal Protection Clause of the Fourteenth Amendment. *Taylor*, 650 N.W.2d at 196. We denied his claim. *Id.* Taylor subsequently brought a petition for postconviction relief raising the same *Batson* issue previously decided on direct appeal. Before us now is Taylor's appeal of the postconviction court's summary denial of his petition.

■■■ A postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn.Stat. § 590.04, subd. 3 (2004). Further, this court held in *State v. Knaffla* that once a direct appeal has been taken, "all matters raised therein and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) ("*Knaffla* rule"). There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the

interests of justice require review. *Ives v. State*, 655 N.W.2d 633, 636 (Minn.2003). The second exception may be applied if fairness requires it and the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal. *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991).

Taylor raised the same *Batson* issue on direct appeal and this court denied his claim. Therefore, under Minn.Stat. § 590.04, subd. 3, the postconviction court properly denied Taylor's petition. Further, Taylor's claim is barred under *Knaffla* and neither exception to *Knaffla* applies in this case.[1]

Affirmed.

1. Taylor did not argue in his briefs to this court that either exception to the *Knaffla* rule applies. His argument seems to be that the rationale and holding in the decision on direct appeal have been called into question by the United States Supreme Court opinion in *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), and our decision in *State v. Reiners*, 664 N.W.2d 826 (Minn.2003). However, neither case alters the *Batson* analysis applied on direct appeal in this case. *Miller–El* involves the jurisdictional prerequisite for obtaining review of the

denial of habeas relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 and is inapplicable here. *See Miller–El*, 537 U.S. at 327, 123 S.Ct. 1029. *Cf. Patterson v. State*, 670 N.W.2d 439, 441 n. 1 (Minn. 2003) (stating that *Miller–El* was inapplicable to the standard of review of a postconviction petition). *Reiners*, contrary to Taylor's assertion, does not announce a new rule or alter the *Batson* analysis from our decision on direct appeal in Taylor's case. *See Reiners*, 664 N.W.2d at 826.