**Randall Mark SPEARS, petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A05–319.

Supreme Court of Minnesota.

Dec. 28, 2006.

Mike Hatch, Attorney General, State of Minnesota, St. Paul, MN, Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Special Assistant Scott County Attorney, Scott County Justice Center, Shakopee, MN, for respondent.

Benjamin J. Butler, Office of the Minnesota State Public Defender, Minneapolis, MN, for Appellant.

## OPINION

HANSON, Justice.

Appellant Randall Mark Spears was convicted of six counts of criminal sexual conduct in the first degree and two counts of kidnapping. While Spears's petition to this court for further review of his direct appeal was pending, the United States Supreme Court announced its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The following day, we denied further review of Spears's direct appeal. After Spears's sentence became final, the Supreme Court announced its decision in *Blakely v. Washington*, 542 U.S. 296, 303–05, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding that the "statutory maximum" sentence that can be imposed on the basis of the jury's guilty verdict is the presumptive sentence). In this second postconviction petition, Spears argues that his 40–year sentence for first-degree criminal sexual conduct is unconstitutional under *Apprendi* and *Blakely*. The court of appeals affirmed the denial of Spears's petition as to both *Apprendi* and *Blakely*. We affirm as to *Blakely*, but reverse as to *Apprendi*.

In July 1995, Spears committed a violent rape and assault. Spears was arrested and was charged with and convicted of six counts of first-degree criminal sexual conduct and two counts of kidnapping. The details of these crimes have been discussed in earlier decisions of the court of appeals. *See State v. Spears*, 560 N.W.2d 723, 725 (Minn.App.1997), *rev. denied* (Minn. May 28, 1997) ("*Spears I*"); *State v. Spears*, C8–98–2307, 1999 WL 319022, at *1 (Minn. App. May 18, 1999), *rev. denied* (Minn. July 28, 1999) ("*Spears II*"); *State v. Spears*, CX–99–2092, 2000 WL 558162, at *1–2 (Minn.App. May 9, 2000), *rev. denied* (Minn. June 27, 2000) ("*Spears III*").

*Spears I, II* and *III* were all part of an extended direct appeal. Spears appealed prior sentences twice to the court of appeals, which each time remanded for resentencing. *Spears I* and *II*. After the second remand, the district court imposed the present 40–year sentence for one count of criminal sexual conduct and 5–year sentence for one count of kidnapping, to be served consecutively with the 40–year sentence. The 40–year sentence is an enhancement of the statutory maximum 30–year sentence based on judicial fact-finding of aggravating factors under the patterned sex offender statute, Minn.Stat. § 609.1352

(Supp.1995) (recodified at Minn.Stat. § 609.108, subd. 2 (1998), and repealed (2005)). The court of appeals affirmed this sentence, concluding that the district court did not abuse its discretion in finding that aggravating circumstances were present. *Spears III.* Spears petitioned for further review and, while that petition was pending, *Apprendi* was announced. 530 U.S. at 490, 120 S.Ct. 2348. The following day, June 27, 2000, we denied further review.

Spears did not file a petition for certiorari with the United State Supreme Court, which he presumably could have done until September 27, 2000. Instead, on September 6, 2000, he filed pro se his first petition for postconviction relief, raising a claim under *Apprendi.* The district court denied the petition and the court of appeals affirmed, holding that Spears's *Apprendi* claim was barred by *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because Spears did not challenge his sentence on Sixth Amendment grounds in his direct appeal. *Spears v. State,* C0–01–76 (Minn.App. Aug. 03, 2001), *rev. granted and stayed* (Minn. Oct. 24, 2001), *rev. denied* (Minn. Jan. 29, 2002), *cert. denied,* 537 U.S. 1075, 123 S.Ct. 666 (2002) ("*Spears IV*"). We granted review and stayed proceedings pending *State v. Grossman,* 636 N.W.2d 545 (Minn.2001).

On December 13, 2001, we announced *Grossman,* holding that the enhancement of the statutory maximum 30–year sentence for first-degree criminal sexual conduct to 40 years, by use of judicial findings under the patterned sex offender statute, violated *Apprendi.* *Grossman,* 636 N.W.2d at 551. We remanded to impose the statutory maximum sentence of 30 years. Although the decision in *Grossman* seemed to apply equally to Spears, we vacated the stay in Spears's case and denied review. *Spears IV* (Minn. Jan. 29, 2002).

In this second postconviction petition, Spears again requests that his sentence be modified, arguing that his 40–year sentence (1) was unauthorized by the statutes in effect at the time of his offense, (2) is unconstitutional under *Apprendi,* as applied in *Grossman,* and (3) is unconstitutional under *Blakely.* Spears's *Blakely* argument is that he should be given the presumptive sentence of 122 months, with credit for time served, and his *Apprendi* argument is that he should be given the statutory maximum sentence of 30 years. The district court denied the petition. The court of appeals affirmed, holding that Spears's *Apprendi* claim was procedurally-barred because he had already raised it in his first unsuccessful postconviction petition and that Spears was not entitled to benefit from *Blakely* because his conviction became final before *Blakely* was decided. *Spears v. State,* 2006 WL 224171, at *1 (Minn.App. Jan.31, 2006), *rev. granted* (April 18, 2006) ("*Spears V*").

## I.

We first address whether *Blakely* applies to Spears's sentence. This is a legal question of retroactivity that we review de novo. *State v. Houston,* 702 N.W.2d 268, 270 (Minn.2005). In *Houston,* we held that, although *Blakely* is not a "watershed" new rule of constitutional criminal procedure requiring full retroactivity, it is a new rule of constitutional criminal procedure that applies retroactively to all cases pending on direct review when *Blakely* was filed. 702 N.W.2d at 273–74. As such, *Blakely* does not apply to Spears's collateral attack of his sentence, which was final before *Blakely* was announced. *Houston,* 702 N.W.2d at 273–74.

## II.

We next address whether *Apprendi* applies to Spears's sentence. In

*O'Meara v. State,* we held that *Apprendi* applied retroactively to all cases pending on direct review when it was announced. 679 N.W.2d 334, 339 (Minn.2004). A case is "pending" until such time as the availability of direct appeal has been exhausted and the time for a petition for certiorari has lapsed, or a petition for certiorari with the United States Supreme Court has been filed and finally denied. *Id.* (applying *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)).

■ On June 26, 2000, when the United States Supreme Court announced *Apprendi,* Spears's direct appeal was still pending, being before us on a petition for further review. We denied that petition on June 27, 2000, and the time for filing a petition for certiorari with the United States Supreme Court ended 90 days later. Accordingly, Spears is entitled to benefit from *Apprendi.*

### III.

■ Finally, we address whether Spears is procedurally barred from taking advantage of *Apprendi.* Our general rule is that all matters raised and all claims known but not raised on direct appeal will not be considered on a subsequent petition for postconviction relief. *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. Similarly, a postconviction court will generally not consider claims that were raised or were known and could have been raised in an earlier petition for postconviction relief. *See Jones v. State,* 671 N.W.2d 743, 746 (Minn.2003). There are two exceptions to these general rules: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. *Taylor v. State,* 691 N.W.2d 78, 79 (Minn.2005). "The second exception may be applied if fairness requires it and the petitioner did not 'de-liberately and inexcusably' fail to raise the issue on direct appeal." *Id.* (quoting *Fox v. State,* 474 N.W.2d 821, 825 (Minn.1991)). "Claims decided in the interests of fairness and justice also require that the claims have substantive merit." *Powers v. State,* 695 N.W.2d 371, 374 (Minn.2005).

On direct appeal, Spears raised a number of issues pertaining to the length of his sentence, but he never raised the issue that his sentence was unconstitutional under the Sixth Amendment. In his first petition for postconviction relief, the district court and court of appeals concluded that the *Apprendi* issue could have been raised on Spears's direct appeal and, therefore, was barred by *Knaffla.* Neither court specified how Spears could have raised *Apprendi.* To avoid the application of *Knaffla* to bar his second postconviction petition, Spears must jump two hurdles: First, he must establish that the court of appeals erred in applying *Knaffla* to his first postconviction petition; second, he must establish that the resolution of the *Apprendi* issue in his first postconviction petition does not bar his second petition.

*Spears's First Postconviction Petition*

■ Spears argues that his *Apprendi* claims were not available on direct appeal because *Apprendi* was issued after Spears had filed his last submission on direct appeal, his petition for further review. The state argues that *Apprendi* was available on direct appeal because it was decided one day before the denial of Spears's petition for review and Spears had 90 days after that denial to petition for certiorari to the United States Supreme Court.

We recognize that, after *Apprendi* was announced, Spears could have filed a motion to amend his petition for review or filed a petition for certiorari with the United States Supreme Court. Although Spears did not raise his *Apprendi* claims through either of these mechanisms, he did

raise them within the 90 days after denial of his petition for further review by the postconviction petition that he presented pro se. Spears did not have the benefit of our later decision in *O'Meara,* which clarified that direct review is still pending after denial of a petition for review.[1] Further, when the court of appeals determined that Spears's postconviction claim under *Apprendi* was barred by *Knaffla,* it did not address the exceptions to *Knaffla. Spears IV,* Order Op. at 2. Under these circumstances, we conclude that Spears's *Apprendi* claims were not procedurally barred when raised in his first postconviction petition.

*Spears's Second Postconviction Petition*

▉ We have said that a summary denial of a second petition for postconviction relief is not an abuse of discretion where the second petition is a successive petition seeking relief similar to that denied in the first petition. *Perry v. State,* 595 N.W.2d 197, 200 (Minn.1999); Minn. Stat. § 590.04, subd. 3 (2004). Spears argues that his *Apprendi* claims should not be barred by *Knaffla* because the interests of justice require review. "Claims decided in the interests of justice require that the claims have substantive merit," and "that the defendant did not deliberately and inexcusably fail to raise the issue on direct appeal." *Deegan v. State,* 711 N.W.2d 89, 94 (Minn.2006) (quoting *Fox,* 474 N.W.2d at 825).

▉ Spears's *Apprendi* claim has "substantive merit." We have held that the enhancement of a statutory maximum sentence, based on judicial fact-finding under Minnesota's patterned sex offender statute, violates the due process requirements

detailed in *Apprendi. Grossman,* 636 N.W.2d at 551. Like Grossman, Spears was convicted of criminal sexual conduct, which had a maximum sentence of 30 years, but was sentenced to 40 years in prison based on judicial findings that Spears was a patterned sex offender. Accordingly, Spears's enhanced sentence violates due process. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

▉ Further, Spears's failure to raise his *Apprendi* claim in his direct appeal cannot be classified as being "deliberate or inexcusable." First, it was reasonable for Spears, acting pro se and without the benefit of our holding in *O'Meara,* to conclude that the appropriate mechanism to raise his *Apprendi* claims was to immediately file a petition for postconviction relief. We cannot fairly expect Spears to have realized, in the midst of these rapid developments in the law, that there were other mechanisms available to him to reopen his direct appeal.

In *O'Meara,* we held that O'Meara was entitled to benefit from *Apprendi* despite waiting two years after that decision to file a postconviction petition. *O'Meara,* 679 N.W.2d at 339–40. Spears filed his postconviction petition while his case was "pending on direct appeal" and he filed this postconviction petition in less than 90 days after *Apprendi* was announced.

▉ Because Spears's *Apprendi* claims have substantive merit and his failure to raise them on direct appeal was not deliberate or inexcusable, we hold that the court of appeals erred in determining that Spears's *Apprendi* claims were procedurally barred.[2]

1. In *O'Meara* this court applied *Apprendi* and *Grossman* to a postconviction review of O'Meara's sentence, without discussing *Knaffla,* even though O'Meara had failed to file a timely direct appeal and thus failed to raise

*Apprendi* in his direct appeal. *O'Meara,* 679 N.W.2d at 340.

2. Alternatively, Spears asks us to remand his unauthorized sentence to the district court for

## IV.

Under *Grossman*, Spears's 40–year sentence for first-degree criminal sexual conduct violates *Apprendi* and is unconstitutional. Accordingly, we reverse this sentence and remand for resentencing consistent with this opinion.

The state requests that, if we hold that Spears is not barred from raising claims under *Apprendi*, we remand to the district court to impanel a jury to determine the patterned sex offender factors. Spears argues that the district court cannot impanel a sentencing jury because (1) the patterned sex offender statute requires that the findings on aggravating factors be made "by the court" and (2) the amendments to the patterned sex offender statute, to authorize the use of a sentencing jury, only apply to crimes committed on or after August 1, 2005.

Some aspects of Spears's arguments were considered in a *Blakely* context in our recent decision in *Hankerson v. State*, 723 N.W.2d 232 (Minn.2006). We concluded that "[w]hen read together, the 2005 amendments to [Minn.Stat. § 244.10, subd. 5(a) (2004) ], and the former version of Minn. Sent. Guidelines II.D authorize a district court to impanel a sentencing jury on resentencing of a conviction obtained before the act's effective date and to use the jury's findings to impose a new sentence." *Id.* at 236. And issues concerning the inherent authority of the district court to impanel a sentencing jury were addressed in our recent decision in *State v. Chauvin*, 723 N.W.2d 20, 23–27 (Minn. 2006). But, because the parties did not fully brief these issues, we express no opinion about the applicability to this case

of the 2005 legislative changes, authorizing sentencing juries, or of the decisions in *Hankerson* or *Chauvin*.

Affirmed in part, reversed in part and remanded.

ANDERSON, G. BARRY, J., took no part in the consideration or decision of this case.

GILDEA, Justice (dissenting).

I respectfully dissent. The majority concludes that the "interests of justice" exception to the *Knaffla* procedural bar applies to permit Spears to challenge his sentence more than six years after his conviction became final. We have said, however, that "finality and efficiency" are the reasons for the *Knaffla* rule. *Torres v. State*, 688 N.W.2d 569, 572 (Minn.2004). We have also recognized that the exceptions to the *Knaffla* procedural bar are "quite narrow," *Deegan v. State*, 711 N.W.2d 89, 94 (Minn.2006), and we have said that we ought not to apply those exceptions so as to permit the exceptions to "swallow the rule." *Townsend v. State*, 723 N.W.2d 14, 19, (Minn.2006).

The "interests of justice" do not support allowing Spears to avoid *Knaffla* in my view. Spears had the opportunity to press his *Apprendi*-based challenge during his direct appeal. His conviction became final on September 27, 2000. *Apprendi* was decided on June 26, 2000. It is true that this court denied review of Spears's appeal on June 27, 2000. But Spears could have raised the *Apprendi* issue in a petition for certiorari review in the United States Supreme Court.[3] He did not. On this basis

---

correction under Minn. R.Crim. P. 27.03, or to hold that, if his claims are barred, his appellate counsel was ineffective. Because we hold that the interests of justice require that we review Spears's *Apprendi* claim, we need not address these alternative requests.

3. In late 2000 and early 2001, the Supreme Court remanded cases to lower courts for "further consideration" where *Apprendi* issues were apparently present. *See, e.g., Jackson v. U.S.*, 531 U.S. 953, 121 S.Ct. 376, 148 L.Ed.2d 290 (2000) (remanding to United

and because the exceptions to the *Knaffla* bar should be narrowly construed, I would conclude that the "interests of justice" exception does not apply. *See Deegan,* 711 N.W.2d at 94 (recognizing that the interests of justice exception does not apply where petitioner "deliberately and inexcusably fail[ed] to raise the issue on direct appeal." (quotation omitted)).

States Court of Appeals for the Seventh Circuit for "further consideration in light of *Apprendi v. New Jersey* "); *McCloud v. Florida,* 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001) (remanding to the District Court of Appeal of Florida, Fifth District). It therefore seems likely that had Spears raised *Apprendi* in a petition for writ of certiorari, his case would have come back to this court on remand.