*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0310**

Randall Mark Spears, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 25, 2014
Affirmed
Schellhas, Judge**

Scott County District Court
File No. 1995-10941

Randall Mark Spears, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges his sentences for first-degree criminal sexual conduct and kidnapping. We affirm.

# FACTS

This appeal is the latest in a series of appeals by appellant Randall Spears relating to his convictions of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(e)(i) (1994), and kidnapping under Minn. Stat. § 609.25 (1994). This court previously summarized the facts related to the offense as follows:

> Appellant Randall Spears met the victim, R.H., at a south Minneapolis bar in July 1995. R.H. and appellant drank, talked, and smoked a marijuana joint together. Later that evening, R.H. and appellant left the bar and went to a local fast food restaurant. After they ate, R.H. asked appellant to take her home. Appellant told R.H. that he wanted to show her a pretty spot where they could view the city. R.H. repeatedly asked to go home and said she did not want to see the city. After driving for approximately 20 minutes, appellant pulled off the main road and leaned over to kiss R.H. R.H. pushed him away and grabbed for the door, but she was stopped from leaving when appellant punched her in the face twice, and told her that this was "going to happen no matter what." Appellant choked R.H. while she was crying hysterically and forced her into the backseat. R.H. moved toward the sunroof, but appellant told her that she wouldn't get very far and that he would kill her if she did not cooperate. Appellant demanded that R.H. take off her shorts and told her that she could take this the "easy way or the hard way." Appellant then forced his penis into R.H.'s vagina while she screamed and cried. Even though R.H. was menstruating appellant made R.H. perform oral sex on him after he had vaginally penetrated her.

> After appellant vaginally penetrated R.H. a second time, R.H. asked if she could go to the bathroom. R.H. was planning to escape, but appellant stood next to her while she squatted on the ground. The two went back into the car and appellant again told R.H. to get into the backseat. R.H. went into the backseat, took off her shorts, and started to cry. Appellant told R.H. "if you don't quit crying I am going to f-ing kill you." R.H. begged for her life as appellant vaginally penetrated her a third time.

2

After the third incident, appellant began to drive back to Minneapolis. Appellant pulled off the freeway, stating that he needed to urinate. As the car pulled to a stop R.H. fought her way out of the car. R.H. ran to a nearby house and pounded on the door while screaming "help me, help me." Appellant pulled away in his car. A resident called the police and allowed R.H. to enter the resident's home. Another neighborhood resident also heard R.H. screaming, saw a car speeding away, and called 911.

*State v. Spears*, CX-99-2092, 2000 WL 558162, at *1 (Minn. App. May 9, 2000), *review denied* (Minn. June 27, 2000) (*Spears III*).

This court previously summarized the procedural history as follows.

In his first appeal, Spears claimed that the district court erred by sustaining the state's *Batson* challenge, entering six convictions for three acts of criminal sexual conduct, and imposing multiple sentences, including a sentence of life imprisonment. *State v. Spears*, 560 N.W.2d 723, 725 (Minn. App. 1997), *review denied* (Minn. May 28, 1997) (*Spears I*). Spears further argued that the district court abused its discretion by admitting evidence of the victim's out-of-court statements describing the attack to police and a private citizen. *Id.* We vacated three of Spears's convictions as duplicative, reversed five of Spears's criminal-sexual-conduct sentences, and remanded for resentencing. *Id.* at 726–28. On remand, the district court sentenced Spears to 40 years in prison on one count of criminal sexual conduct and an additional 40 years, to be served consecutively, on one count of kidnapping. *State v. Spears*, No. C8-98-2307, 1999 WL 319022, at *1 (Minn. App. May 18, 1999), *review denied* (Minn. July 28, 1999) (*Spears II*).

Spears appealed, and we again remanded for resentencing, concluding that the consecutive 40-year sentences were an impermissible expansion of the original sentence. *Id.* at *2. Following the second remand, the district court sentenced Spears to 40 years in prison on the criminal-sexual-conduct conviction. *Spears III*, 2000 WL 558162, at *2. The 40-year sentence was an enhancement of the statutory maximum 30-year sentence based on judicial

3

fact-finding of aggravating factors under Minn. Stat. § 609.1352, the patterned-sex-offender statute. *Spears v. State*, 725 N.W.2d 696, 698 (Minn. 2006) (*Spears V*); *see also* Minn. Stat. § 609.342, subd. 2 (1994) (setting a 30-year statutory maximum for conviction of first-degree criminal sexual conduct); Minn. Stat. § 609.1352, subd. 1a (lengthening the statutory maximum for individuals sentenced under the patterned-sex-offender statute to 40 years). The district court also imposed a consecutive five-year sentence on the kidnapping conviction, after finding that there were severe aggravating factors. *Spears III*, 2000 WL 558162, at *2. This court affirmed the 540-month sentence. *Id.* at *2–*4.

After this court affirmed the sentence, Spears filed a petition for postconviction relief, raising a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The district court denied the petition, and this court affirmed, holding that Spears's claim was barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because he did not challenge his sentence on Sixth Amendment grounds in his direct appeal. *Spears v. State*, C0-01-76 (Minn. App. Aug. 1, 2001), *review granted and stayed* (Minn. Oct. 24, 2001), *review denied* (Minn. Jan. 29, 2002) (*Spears IV*). The Minnesota Supreme Court granted review and stayed proceedings pending its decision in *State v. Grossman*, 636 N.W.2d 545 (Minn. 2001) (holding that enhancement of the statutory maximum 30-year sentence for first-degree criminal sexual conduct based on judicial findings under the patterned-sex-offender statute is unconstitutional). *See Spears V*, 725 N.W.2d at 699. The supreme court ultimately vacated the stay and denied review. *Id.*

Spears again petitioned for postconviction relief, arguing that his 40-year sentence for criminal sexual conduct was unauthorized by the statutes in effect at the time of his offense; was unconstitutional under *Apprendi*, as applied in *Grossman*; and was unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *Id.* The district court denied the petition, and this court affirmed. *Id.* Upon further review, the supreme court held that *Blakely* does not apply to Spears's collateral attack

4

on his sentence because the sentence was final before *Blakely* was announced; but the court held that Spears is entitled to benefit from *Apprendi. Id.* at 699-700. The supreme court remanded to the district court for resentencing. *Id.* at 702.

On remand, the state demanded a sentencing trial under Minn. Stat. § 244.10 (2008) and requested sentencing under the patterned-sex-offender statute. *See* Minn. Stat. § 244.10, subd. 5(a) ("When the prosecutor provides reasonable notice under subdivision 4, the district court shall allow the state to prove beyond a reasonable doubt to a jury of 12 members the factors in support of the state's request for an aggravated departure from the Sentencing Guidelines or the state's request for an aggravated sentence under any sentencing enhancement statute or the state's request for a mandatory minimum under section 609.11 as provided in paragraph (b) or (c)."). . . .

. . . .

The district court imposed a 360-month sentence on the criminal-sexual-conduct conviction and a consecutive five-year sentence on the kidnapping conviction.

*State v. Spears*, A10-264, 2011 WL 134935, at *2–*4 (Minn. App. Jan. 18, 2011) (footnote omitted), *review denied* (Minn. Mar. 15, 2011) (*Spears VI*). Spears "challenge[d] his executed prison sentence of 360 months for criminal sexual conduct in the first degree, which is an aggravated departure from the presumptive guidelines sentence of 122 months under Minn. Stat. § 609.1352 (1994 & Supp. 1995), the patterned-sex-offender statute." *Id.* at *1. This court affirmed, concluding that the resulting error, if any, from Spears's alleged evidentiary issues was harmless. *Id.* at *8.

In October 2013, Spears moved for a "Correction or Reduction of Sentence," pursuant to Minn. R. Crim. P. 27.03, subd. 9, specifying that his motion was "not a

5

post-conviction appeal." Spears argued to the district court that it lacked authority to impose (1) "any sentence other than a presumptive sentence of 122 months" for first-degree criminal sexual conduct, (2) any sentence for kidnapping, or (3) a sentence longer than the original sentence. The district court denied Spears any relief.

This appeal follows.

## DECISION

In denying Spears's motion, the district court stated that "[t]he Court of Appeals did not find it improper that the Court imposed a consecutive sentence for kidnapping," that "[Spears]'s new aggregated sentence does not exceed his original aggregate sentence and is therefore, proper," and that "[Spears]'s current sentence of 420 months is shorter than his last sentence of 540 months and both are shorter than the original sentence." Spears argues that, due to actions on the part of the original sentencing court in 1996, the district court lacked authority to sentence him to (1) 360 months instead of 122 months for criminal sexual conduct, (2) any sentence for kidnapping, and (3) consecutive sentences. He raises his consecutive-sentences argument for the first time on appeal. None of Spears's arguments has merit.

Appellate courts "review the district court's denial of a motion to correct a sentence for an abuse of discretion," reviewing "legal conclusions de novo and . . . factual findings under the clearly erroneous standard." *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013). "The relevant procedures for review of a sentence are provided by the Minnesota Rules of Criminal Procedure and Minnesota Statutes." *Id.*

6

> Rule 27.03, subdivision 9 states that the district court "may at any time correct a sentence not authorized by law." Section 590.01 provides that "a person convicted of a crime, who claims . . . the sentence . . . made violated the person's rights under the Constitution or laws of the United States or of [Minnesota]" may "commence a proceeding to secure relief by filing a petition [to] . . . correct the sentence." Generally, the procedure for a motion filed under rule 27.03, subdivision 9 is less formal than the procedure involving a postconviction petition brought under section 590.01.

*Id*. at 738−39 (citations omitted). The supreme court has "not yet addressed whether the statutory time bar under section 590.01, subdivision 4(a)(2), or the procedural bar under *Knaffla* apply to a motion to correct a sentence under rule 27.03, subdivision 9." *Id*. at 739.

Spears and respondent State of Minnesota disagree about the proper treatment of Spears's motion. Spears argues that his motion for a sentence correction under Minn. R. Crim. P. 27.03, subd. 9, should be treated as such; the state argues that Spears's motion should be treated as a petition for postconviction relief.

> The two alternative means of challenging a sentence are subject to different procedural requirements . . . First, the legislature has imposed strict time limits on postconviction petitions. As a general rule, "[n]o petition for postconviction relief may be filed more than two years after" a judgment of conviction becomes final. Second, both the supreme court and the legislature have imposed limitations on repetitive challenges to a conviction or a sentence under the postconviction act.

*Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014) (citations omitted). In *Washington*, this court stated "that the two-year time limit in section 590.01, subdivision 4(a) does not apply to motions *properly filed* under rule 27.03, subdivision

7

9." *Id.* at 211 (emphasis added) (quotation omitted). A motion is properly filed under rule 27.03, subdivision 9, "only if the offender challenges the sentence on the ground that it is 'unauthorized by law' in the sense that the sentence is contrary to an applicable statute or other applicable law." *Id.* at 214; *see also State v. Borrego*, 661 N.W.2d 663, 667 (Minn. App. 2003) ("An unauthorized sentence must be contrary to statutory requirements.").

Spears argues that the district court's 360-month sentence was unauthorized and that the court only had authority to sentence him to the guidelines sentence of 122 months for criminal sexual conduct and 60 months for kidnapping, concurrently. Spears cites *State v. Geller*, 665 N.W.2d 514, 514–15 (Minn. 2003), which provides that "[n]o departure from the presumptive guidelines sentence is permitted absent a statement of the reasons for a sentencing departure placed on the record by the court at the time of sentencing." But Spears's reliance on *Geller* is misplaced because, at Spears's original sentencing, the district court explained that it was imposing a life sentence because of its understanding that a life sentence was statutorily mandated. In resentencing Spears on remand, the district court did not err by imposing an upward-departure sentence and therefore Spears's current sentence is not unauthorized by law and consequently cannot be challenged under Minn. R. Crim. P. 27.03, subd. 9. *See Washington*, 845 N.W.2d at 214–15 (concluding that a claim is not within Minn. R. Crim. P. 27.03, subd. 9, when the "claim asserts only a fact-based challenge to the record of the sentencing hearing and, ultimately, to the district court's findings of facts relevant to his sentence").

Even if we deemed Spears's challenge to fall within the scope of Minn. R. Crim. P. 27.03, subd. 9, his challenge would be barred by the doctrine of law of the case because Spears previously argued that a sentence greater than 122 months was (1) an impermissible upward departure before this court, *Spears VI*, 2011 WL 134935, at *1, and (2) unconstitutional under *Blakely* before the supreme court, *Spears V*, 725 N.W.2d at 699. *See Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) ("This doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the *same issues* in subsequent stages in the *same case*.") (quotations omitted)); *State v. Bailey*, 732 N.W.2d 612, 623 (Minn. 2007) ("Issues determined in a first appeal will not be relitigated in the trial court nor re-examined in a second appeal.").

Spears also argues that the district court lacked authority to sentence him for kidnapping because the original sentencing court did not sentence him for kidnapping. Because this court addressed this argument in *Spears II*, 1999 WL 319022 at *2, by citation to *State v. Coe*, 411 N.W.2d 180 (Minn. 1987), this argument also is barred by the doctrine of law of the case. Similarly, Spears's argument that the district court lacked authority to impose consecutive sentences for first-degree criminal sexual conduct and kidnapping is barred by the doctrine of law of the case because this court already addressed the argument in *Spears III*, 2000 WL 558162, at *3.

We conclude that Spears's challenged sentences are not unauthorized under the law. The district court therefore did not err by denying Spears's request for relief.

**Affirmed.**