*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0613**

Brett Thomas Green, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 5, 2015
Affirmed
Smith, Judge**

Isanti County District Court
File No. 30-CR-08-1174

Brett Thomas Green, Rush City, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Cambridge, Minnesota, Scott A. Hersey, Special Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's denial of appellant's petitions for postconviction relief because the record substantially supports the district court's conclusions that the

issues appellant raised were *Knaffla*-barred[1] and that appellant provided no factual or legal basis for the relief requested.

## FACTS

In 2010, appellant Brett Green was convicted of criminal sexual conduct in the first, third, and fourth degrees. The district court sentenced Green 153 months' incarceration and a lifetime period of conditional release. Green appealed on several grounds, and we affirmed.[2] Since his appeal, Green has filed numerous petitions for postconviction relief, which were all denied.

Most recently, Green filed two petitions for postconviction relief, the first claiming new evidence and the second claiming insufficient evidence, among other theories. The district court denied the petitions, finding that all of the claims raised by appellant's petitions "were previously addressed on direct appeal or in previous postconviction motions." The district court also ruled that Green's claims are *Knaffla*-barred and that none of the *Knaffla*-exceptions is applicable. It concluded that Green had "provided no legal or factual basis for the relief he is requesting" or "any additional information warranting an evidentiary hearing."

## D E C I S I O N

Green argues that the district court erred by summarily denying postconviction relief. We review a summary denial of a postconviction petition for an abuse of discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). In making this

---

[1] *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).
[2] *See State v. Green*, No. A11-850, 2012 WL 1470164 (Minn. App. Apr. 30, 2012).

determination, we review issues of law de novo, but we review factual findings only for sufficiency of the evidence supporting them. *Id.*

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014). "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Taylor v. State*, 691 N.W.2d 78, 79 (Minn. 2005). An evidentiary hearing is required when "the petitioner alleges such facts which, if proved by a fair preponderance of the evidence, would entitle him or her to the requested relief." *Roby v. State*, 547 N.W.2d 354, 356 (Minn. 1996). The claims made within the petition "must be more than argumentative assertions without factual support." *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn. 1995) (quotation omitted).

Green based his motions for postconviction relief upon a range of claims— insufficient evidence, ineffective assistance of trial counsel, witness credibility, prosecutorial misconduct, errors in admitting evidence, and constitutional violations. He also argues that his claims are not time-barred based on equitable tolling, mitigating circumstances, and the interests of justice. He further asserts that his claims are not *Knaffla*-barred because he has not yet received effective assistance of counsel, a full and fair hearing, or relief to which he is entitled.

3

To be entitled to relief, Green must show one of the following: he raised an issue unavailable to him on direct appeal; he presents a novel legal issue; the interests of justice require review; or he is entitled to equitable tolling. *See Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012); *Taylor*, 691 N.W.2d at 79; *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Green generally asserts that he advances novel issues. To fall under this exception, "a claim must be so novel that its legal basis was not reasonably available to petitioner at the time the direct appeal was taken." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). But the issues Green raises—including insufficient evidence, ineffective assistance of trial counsel, the sufficiency of the state's evidence, cruel and unusual punishment, and other constitutional claims—are not novel. Because Green raises no novel legal issues, we decline to grant relief on this ground.

With one exception, discussed below, Green also raises issues that were available to him on direct appeal. The following issues were available on direct appeal: insufficient evidence, ineffective assistance of trial counsel, witness credibility, prosecutorial misconduct, errors in admitting evidence, and constitutional violations. Thus, he is not entitled to relief on the basis of these issues.

Green raises, for the first time, an ineffective-assistance-of-appellate-counsel claim, arguing that the attorney that represented him in his direct appeal failed to raise various issues. Ineffective-assistance-of appellate-counsel claims are properly raised in a postconviction petition because an appellant cannot know about that claim at the time of a direct appeal. *Wright v. State*, 765 N.W.2d 85, 90-91 (Minn. 2009). "To establish

4

ineffective assistance of appellate counsel, the petitioner bears the burden of showing both that counsel's performance was not objectively reasonable and, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 91. "[C]ounsel is under a duty to raise only meritorious claims" and "does not act unreasonably by not asserting claims that counsel could have legitimately concluded would not prevail." *Id.* "The petitioner must overcome the presumption that counsel's performance fell within a wide range of reasonable representation." *Id.* (quotation omitted).

Green argues that his appellate counsel should have raised constitutional claims, novel issues, evidence of innocence, prosecutorial misconduct, contradictions in the record, and credibility of the witnesses. But Green fails to demonstrate how any of these claims had merit or would have altered the outcome of his direct appeal. His claim therefore is a mere "argumentative assertion" without factual support, making summary denial of his petition appropriate. *See Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

Green next claims that the interests of justice warrant granting his petition. For a claim to be heard under this exception, an appellant "must not have deliberately and inexcusably failed to raise the issue on direct appeal," and his claims must have "substantive merit." *Powers*, 695 N.W.2d at 374 (quotation omitted). On direct appeal, Green filed supplemental pro se briefs. But he offers no reason as to why he failed to raise the issues contained in his postconviction petitions in his pro se briefs. Even if he had compelling reason for this oversight, his claims lack substantive merit. The interests of justice thus did not require the district court to hear Green's claims.

Additionally, Green argues that his claims should not be barred because the doctrine of equitable tolling applies. "The doctrine of equitable tolling allows a court to consider the merits of a claim when it would otherwise be barred by a statute of limitations." *Sanchez*, 816 N.W.2d at 560. For this doctrine to apply, an appellant must demonstrate that "he was diligently trying to pursue relief on his claim during the limitations period and that a state actor or some other paramount authority prevented him from doing so." *Id.* at 562 (quotation omitted). Green claims that the state actor who prevented him from pursuing his claims was his appellate attorney. We are doubtful that an appellant's own attorney qualifies as a state actor or paramount authority for purposes of the equitable-tolling doctrine. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). More importantly, Green's pro se appellate brief demonstrates that no state actor prevented him from raising issues on his own. Therefore, the doctrine of equitable tolling does not apply here.

The district court did not abuse its discretion by summarily denying Green's postconviction petition because the record substantially supports the conclusions that the issues raised by Green are *Knaffla*-barred and that Green provided no factual or legal basis for the relief requested. For the foregoing reasons, we affirm the district court's decision.

**Affirmed.**

6